UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAVANNA MCFADDEN,

Plaintiff,

v.

NEURO RESTORATIVE,
PAMELA PINUELAS,
NAOMI BOOKER,
SARAH HAWKINS, and
JOSH STEWART,

Defendants.

Case No. 25-cv-01886-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on its inherent authority to screen and dismiss claims that are frivolous and transparently defective. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Plaintiff filed her initial complaint (Doc. 1) on October 9, 2025, and paid the filing fee. Her complaint alleged that Neuro Restorative violated Title VII by terminating her because of her sex and race. Plaintiff served Neuro Restorative with the complaint on June 12, 2026, making its answer due on July 6, 2026 (Doc. 12). Neuro Restorative did not appear or file its answer by the deadline, so Plaintiff filed a Motion for Entry of Default (Doc. 13) and Motion for Default Judgment (Doc. 14). The Clerk of Court entered default against Neuro Restorative (Doc. 15), but the Court declined to enter a default judgment because the complaint failed to state a claim (Doc. 19). The Court gave Plaintiff until November 6, 2026, to file an amended complaint.

Plaintiff timely filed an amended complaint (Doc. 20). Her amended complaint alleges that Neuro Restorative and its employees violated her civil rights under 42 U.S.C. § 1983. Because Plaintiff paid the filing fee, her amended complaint does not have to be screened under 28 U.S.C. § 1915(e)(2). However, the Court has inherent authority to "dismiss frivolous or transparently

defective suits spontaneously . . . even when the plaintiff has paid all fees for filing and service." *Hoskins*, 320 F.3d at 763. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).

This action is frivolous because the amended complaint fails to state a claim. Plaintiff alleges that Neuro Restorative and its employees violated her civil rights under § 1983, but she has not plausibly alleged that any of these defendants were "acting under color of state law." *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006) (quoting *Jones v. Wilhelm*, 425 F.3d 455, 465 (7th Cir. 2005)). Neuro Restorative is a private company, and there is no indication that its acts are "fairly attributable to the state." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823–24 (7th Cir. 2009) (explaining when a private entity can be held liable under § 1983) The fact that Neuro Restorative receives public funding is not enough to make it a state actor for purposes of § 1983. *See Collins v. Team Management LLC*, No. 23-cv-1313-bhl, 2023 WL 6794369, at *3 (E.D. Wis. Oct. 13, 2023) ("The law is clear that a defendant's mere receipt of state or federal funds, without more, does not make that person a state actor for purposes of Section 1983.").

For the foregoing reasons, the Court **DISMISSES** this case **without prejudice** pursuant to its inherent authority to dismiss claims that are frivolous and transparently defective and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED**: **October 29, 2026**

**J. PHIL GILBERT**
**United States District Judge**